**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL VILLANUEVA-LARA,

  Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

  Respondent.

No.   20-71868

Agency No. A091-894-331

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2024**
Pasadena, California

Before:  M. SMITH and BADE, Circuit Judges, and FITZWATER,*** District Judge.

Daniel Villanueva-Lara (Villanueva-Lara), a native and citizen of Mexico,

petitions for review of a decision of the Board of Immigration Appeals (BIA)

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

upholding the Immigration Judge's (IJ) decision to deny him asylum and withholding of removal under the Immigration and Nationality Act (INA) and deferral of removal under the Convention Against Torture (CAT). Villanueva-Lara also petitions for review of the BIA's affirmance of the IJ's denial of his motion to terminate and his request for a continuance. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition.[1] Because the parties are familiar with the facts of this case, we do not recount them here except as necessary to provide context.

1.      Villanueva-Lara's argument that his removal proceedings should have been terminated because of the Supreme Court's decision in *Pereira v. Sessions*, 585 U.S. 198, 202 (2018), for lack of jurisdiction, is foreclosed by our decision in *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), in which we held that the immigration courts have "jurisdiction over removal proceedings when the initial notice to appear does not specify the time and date of the proceedings, but later notices of hearing include that information," *id.* at 1158–59. It is undisputed that Villanueva-Lara received a notice of hearing specifying the date, time, and place of his initial removal hearing shortly after receiving his initial notice to appear. Accordingly, the BIA did not err when it affirmed the IJ's denial of his motion to

---

[1] The temporary stay of removal will continue until the issuance of the mandate. The motion for a stay of removal (Dkt. No. 1) is otherwise denied.

2

terminate for lack of jurisdiction,[2] and we deny that portion of his petition. *See id.* at 1159, 1162.

2.      Nor did the BIA abuse its discretion when it affirmed the denial of Villanueva-Lara's requested continuance to await adjudication by the U.S. Citizenship and Immigration Services (USCIS) of his U visa application. The IJ initially found that Villanueva-Lara failed to establish "good cause" to grant a continuance, 8 C.F.R. § 1003.29, because he failed to present a certification from law enforcement that he was a victim of a qualifying crime. The IJ found this deficiency particularly inexcusable because the events giving rise to the U visa application occurred "so many years ago," and because Villanueva-Lara's immigration case had already been pending for nearly four years.

When he appealed the IJ's determination to the BIA, he ultimately provided a certification from law enforcement that he is a victim of a qualifying crime. The BIA recognized that this certification established his "prima facie eligib[ility] for a U visa" that would "materially affect the outcome of his removal proceedings," but still concluded "there was no 'good cause' to continue [his] removal proceedings"

---

[2] To the extent Villanueva-Lara uses his opening brief to lodge non-jurisdictional objections arising from the defects in his notice to appear, he waived those objections. His arguments to the IJ and the BIA sounded exclusively in jurisdiction, and thus the IJ and the BIA had no reason to consider whether the defects in his notice to appear could constitute some other type of violation. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); *cf. Suate-Orellana v. Garland*, 101 F.4th 624, 629–30 (9th Cir. 2024).

because of his "lack of diligence and the speculative and indefinite nature of his continuance request, given the uncertainty as to when his U visa will be approved or become available."

Villanueva-Lara argues that the IJ and BIA abused their discretion in denying a continuance because "delays in the USCIS approval process are no reason to deny an otherwise reasonable continuance request," quoting our decision in *Malilia v. Holder*, 632 F.3d 598, 606 (9th Cir. 2011). However, his request was not "otherwise reasonable" given his well-documented lack of diligence, including his failure to provide documentation that he filed a U visa petition with USCIS.[3] *Cf. id.* at 606–07; *cf. Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1051 (9th Cir. 2023). Accordingly, we deny the portion of his petition requesting a continuance.

3.    The IJ denied Villanueva-Lara's application for asylum as untimely and on the basis of statutory ineligibility due to his conviction for an aggravated felony. He never appealed either determination to the BIA. Accordingly, we agree with the government that Villanueva-Lara failed to exhaust his claim that the IJ erred in denying his application for asylum, and we deny that portion of his petition. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

---

[3] We grant Villanueva-Lara's unopposed motion (Dkt. No. 49) to take judicial notice of documents confirming that USCIS received his U visa application and Former I-192 on June 9, 2020, a week after the BIA issued its decision. Our notice of these documents lends further support to the BIA's finding that his "delayed pursuit of a U visa [was] unreasonable and indicative of a lack of due diligence."

4.     The IJ denied Villanueva-Lara's application for withholding of removal on several grounds, including the IJ's dispositive determination that Villanueva-Lara failed to prove a causal nexus between one of his statutorily protected characteristics and his fear of future harm. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023).  He never appealed that nexus determination to the BIA. Accordingly, we agree with the government that Villanueva-Lara failed to exhaust his claim that the IJ erred in denying his application for withholding of removal, and we deny that portion of his petition. *See Umana-Escobar*, 69 F.4th at 550.

5.     The IJ denied Villanueva-Lara's application for CAT relief because the harm he feared was not inflicted by, at the instigation of, or with the consent or acquiescence of a public official or other person acting in an official capacity. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019).  He never appealed the IJ's denial of CAT relief to the BIA.  Accordingly, we agree with the government that Villanueva-Lara failed to exhaust his claim that the IJ erred in denying his application for CAT relief, and we deny that portion of his petition. *See Umana-Escobar*, 69 F.4th at 550.

**PETITION DENIED.**